IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and THE STATE OF GEORGIA, *ex rel.* DR. NICHOL SALVO, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 5:10-CV-77(MTT) |
| CENTRAL GEORGIA FOOT AND ANKLE CENTER, P.C., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

# ORDER

Before the Court is the Defendants' Motion to Dismiss. (Doc. 28). The Plaintiff brings claims on behalf of the United States against the Defendants for violations of the federal False Claims Act (FCA), 31 U.S.C. § 3729 *et seq.*, and the Georgia False Medicaid Claims Act (GFMCA), O.C.G.A. § 49-4-168, *et seq.* The Plaintiff also seeks damages on her own behalf for retaliation pursuant to the FCA. The Defendant alleges that the Plaintiff-Relator's 102-page Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted. For the following reasons, the Motion is **DENIED**.

First, the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b) applies to the Plaintiff-Relator's FCA and GFMCA claims. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other

conditions of a person's mind may be alleged generally." Allegations of fraud subject to Rule 9(b)'s requirements "'must include facts as to time, place, and substance of the [Defendants'] alleged fraud.'" *United States ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1308 (11th Cir. 2002) (quoting *United States ex rel. Cooper v. Blue Cross & Blue Shield of Fla.*, 19 F.3d 562, 566-67 (11th Cir. 1994)). In *Cooper* and later in *Clausen*, the Eleventh Circuit held that allegations made pursuant to the FCA require that the Plaintiff-Relator plead "'facts as to time, place and subjects of the [Defendants'] alleged fraud,' specifically 'the details of the [D]efendants' allegedly fraudulent acts, when they occurred, and who engaged in them.'" *Id.* at 1310 (quoting *Cooper*, 290 F.3d at 567-68). Here, the Plaintiff-Relator's extensive Complaint setting forth specific dates of the alleged fraud, where the alleged fraud occurred, the substance of the Defendants' alleged fraud, and specific amounts the Defendants were paid because of the alleged fraud, clearly complies with Rule 9(b).

      The Plaintiff-Relator's retaliation claim is not subject to Rule 9's heightened pleading standard. The FCA provides relief to any employee discharged because of lawful acts taken "in furtherance on an action under [the FCA] or other efforts to stop 1 or more violations of [the FCA]." 31 U.S.C. § 3730(h)(1). Therefore, at the motion to dismiss stage, so long as the Plaintiff-Relator alleges (1) she protested the illegal activity at a time when there was a "distinct possibility that she or the government would sue the [Defendants] under the FCA," and (2) the Defendants' retaliatory conduct happened after this protest, she has stated a claim for FCA retaliation. *United States ex rel. Sanchez v. Lymphatx, Inc.*, 596 F.3d 1300, 1303-04 (11th Cir. 2010). Here,

again clearly, the Plaintiff-Relator has alleged facts sufficient to support a claim for retaliation.

The Court recognizes it is not addressing all of the Defendants' arguments. However, the Court finds that a lengthy opinion stating the obvious would not be helpful. Accordingly, the Defendants' Motion (Doc. 28) is **DENIED**, and the Plaintiff's Motion to Amend (Doc. 33) is **DENIED** as **MOOT**.

**SO ORDERED**, this 7th day of January, 2013.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT